# Exhibit 31

Trials@uspto.gov    IPR2015-00122 Paper 30; IPR2015-00123 Paper 30
571-272-7822        IPR2015-00124 Paper 29; IPR2015-00125 Paper 28;
                    IPR2015-00133 Paper 26; IPR2015-00137 Paper 25
                                            Entered: March 6, 2015

# PUBLIC REDACTED VERSION

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

ASKELADDEN LLC,
Petitioner,

v.

SEAN I. MCGHIE and BRIAN BUCHHEIT,
Patent Owner.
_____

Cases IPR2015-00122 (Patent 8,523,063)
IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)
IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)
IPR2015-00137 (Patent 8,297,502)[1]
_____

Before SALLY C. MEDLEY, JONI Y. CHANG, and
GEORGIANNA W. BRADEN, *Administrative Patent Judges.*

Chang, *Administrative Patent Judge.*

ORDER

---

[1] This Decision addresses issues that are the same in the identified cases. We exercise our discretion to issue one Decision to be filed in each case. The parties are not authorized to use this style heading.

| IPR2015-00122 (Patent 8,523,063) | IPR2015-00123 (Patent 8,523,063) |
| IPR2015-00124 (Patent 8,540,152) | IPR2015-00125 (Patent 8,540,152) |
| IPR2015-00133 (Patent 8,297,502) | IPR2015-00137 (Patent 8,297,502) |

**PUBLIC REDACTED VERSION**

Real Party-in-Interest and Vacating Filing Date
*37 C.F.R. §§ 42.8(b)(1) and 42.106(b)*

## I.   INTRODUCTION

Petitioner Askeladden LLC ("Askeladden") filed a Petition requesting an *inter partes* review in each of the above-identified proceedings.  Paper 2,[2] "Pet."  The Petitions identify Askeladden as the sole real party-in-interest to these proceedings.  Pet. 1.

In response, Sean McGhie and Brian Buchheit ("Patent Owner") filed a Preliminary Response in each proceeding at issue.  Paper 10, "Prelim. Resp."  Patent Owner asserts that The Clearing House Payments Company LLC ("PayCo") also is a real party-in-interest.  *Id*. at 54.

Subsequently, we authorized Askeladden to file a reply to Patent Owner's Preliminary Response for the sole purpose of addressing the real party-in-interest issue.  Paper 13.  Pursuant to our authorization, Askeladden filed a Reply[3] ("RPI Reply"[4]) and supporting evidence, including a

---

[2] Citations are to IPR2015-00133.

[3] The Reply was time-stamped February 24, 2015, 12:02 a.m. ET, and, thus, was filed untimely.  Patent Owner does not object to the entry of the late filing.  Upon consideration, we determined, in accordance with 37 C.F.R. § 42.5(c)(3), to excuse the late filing.

[4] Askeladden filed two versions of its Reply—a confidential version (Paper 14) and a public redacted version (Paper 15).

2

| | |
|---|---|
| IPR2015-00122 (Patent 8,523,063) | IPR2015-00123 (Patent 8,523,063) |
| IPR2015-00124 (Patent 8,540,152) | IPR2015-00125 (Patent 8,540,152) |
| IPR2015-00133 (Patent 8,297,502) | IPR2015-00137 (Patent 8,297,502) |

<b style="color:red;">PUBLIC REDACTED VERSION</b>

Declaration of Mr. Sean Reilly (Ex. 1531[5]).  In addition, in response to our request for relevant portions of Askeladden's Operating Guidelines, which are referenced in Mr. Reilly's Declaration (Ex. 1531 ¶ 11), Askeladden filed a redacted confidential version of Askeladden's Limited Liability Company Agreement (Ex. 1533, "LLC Agreement"), which contains Askeladden's Operating Guidelines.

We have considered the parties' contentions and evidence in the present record.  For the reasons set forth below, we determine that Askeladden also should have identified PayCo as a real party-in-interest in the Petitions, as required by 35 U.S.C. § 312(a)(2).  Pursuant to 37 C.F.R. § 42.106(b), we, hereby, vacate the previously-accorded filing date of each Petition, and provide Askeladden an opportunity to correct the Petitions in accordance with this Order.

## II. DISCUSSION

*Factual Background*

Askeladden is a wholly-owned subsidiary of PayCo.  Ex. 1531 ¶ 6.  Ex. 1533, 1.  In short, PayCo is the parent company ▬▬▬▬ of Askeladden.

---

[5] Askeladden filed both the confidential version and public redacted versions of Mr. Reilly's Declaration, as Exhibits 1531.

3

IPR2015-00122 (Patent 8,523,063)     IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)     IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)     IPR2015-00137 (Patent 8,297,502)

**PUBLIC REDACTED VERSION**

███████████ the members of Askeladden's Executive Committee appear to be current executive officers of PayCo. Ex. 2029. ███████████

PayCo purportedly is a banking industry group representing more than twenty financial institutions ("PayCo's member banks"). Ex. 2027, 1. PayCo formed Askeladden to implement the Patent Quality Initiative ("PQI"), which is said to improve the quality of patents that affect the financial services industry. Ex. 1531 ¶ 7; Ex. 1533, 8. PQI is the product of thought leadership provided by PayCo. Ex. 2029, 1. ███████████

4

| | |
|---|---|
| IPR2015-00122 (Patent 8,523,063) | IPR2015-00123 (Patent 8,523,063) |
| IPR2015-00124 (Patent 8,540,152) | IPR2015-00125 (Patent 8,540,152) |
| IPR2015-00133 (Patent 8,297,502) | IPR2015-00137 (Patent 8,297,502) |

**PUBLIC REDACTED VERSION**

*The Parties' Contentions*

Notwithstanding the identification of Askeladden as the sole real party-in-interest in each Petition (Pet. 1), Patent Owner asserts that PayCo also is a real party-in-interest. Prelim. Resp. 54. In its Preliminary Response, Patent Owner argues that "the boundary between Askeladden and the Clearing House has been a legal fiction based on the evidence available." *Id.* at 55. As support, Patent Owner submitted two press releases (Exs. 2033, 2034), an article from iam-magazine (Ex. 2027), and several webpages[6] from the websites of Askeladden and PayCo (Exs. 2028–2032).

In its Reply, Askeladden counters that it is the sole real party-in-interest because no other entity funds or controls the above-identified *inter partes* reviews. RPI Reply 1. In particular, Askeladden alleges that PayCo is not a real party-in-interest, as PayCo has not funded these proceedings. *Id.* at 2 (citing Ex. 1531 ¶ 16). Askeladden also contends that it, independently and, in its sole discretion, identifies and selects the involved patents, and directs all aspects of these proceedings. *Id.* at 1–5 (citing Ex. 1531 ¶¶ 11–12, 18). Askeladden further maintains that Patent Owner's evidence is insufficient to overcome the presumption that distinct legal entities operate independently. *Id.* at 6–11. Askeladden argues that Patent Owner improperly seeks an advisory opinion, as Patent Owner has not sued

---

[6] http://www.patentqualityinitiative.com and https://www.theclearinghouse.org.

5

| | |
|---|---|
| IPR2015-00122 (Patent 8,523,063) | IPR2015-00123 (Patent 8,523,063) |
| IPR2015-00124 (Patent 8,540,152) | IPR2015-00125 (Patent 8,540,152) |
| IPR2015-00133 (Patent 8,297,502) | IPR2015-00137 (Patent 8,297,502) |

**PUBLIC REDACTED VERSION**

PayCo, Askeladden, or any other entity for infringement of the involved patents. *Id*. at 12–13.

*Principles of Law*

Section 312(a) of Title 35 of the United States Code provides that a petition for *inter partes* review under 35 U.S.C. § 311 may be considered only if, among other things, the petition identifies all real parties-in-interest. 35 U.S.C. § 312(a)(2). The identification of all real parties-in-interest assists the Board in identifying potential conflicts of interest, and assures proper application of the statutory estoppel provisions, protecting patent owners from harassment via successive petitions by the same parties, and assuring that all issues are raised and considered promptly. *Office Patent Trial Practice Guide*, 77 Fed. Reg. 48,756, 48,759 (Aug. 14, 2012) ("Trial Practice Guide").

Whether a non-identified party is a real party-in-interest to a proceeding is a highly fact-dependent question. *Id*. (citing *Taylor v. Sturgell*, 553 U.S. 880 (2008)). "Courts invoke the terms 'real party-in-interest' and 'privy' to describe relationships and considerations sufficient to justify applying conventional principles of estoppel and preclusion." *Id*. *Taylor* lists six categories that create an exception to the common law rule that normally forbids non-party preclusion in litigation. *Taylor*, 553 U.S. at 893–95. "A common consideration is whether the non-party exercised or

6

IPR2015-00122 (Patent 8,523,063)     IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)     IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)     IPR2015-00137 (Patent 8,297,502)

**PUBLIC REDACTED VERSION**

could have exercised control over a party's participation in a proceeding."[7] *Trial Practice Guide*, 77 Fed. Reg. at 48,759 (citing *Taylor*, 553 U.S. at 895). The concept of control generally means that "it should be enough the nonparty has the actual measure of control or opportunity to control that might reasonably be expected between two formal coparties." *Id*.

Factors for determining actual control or the opportunity to control include existence of a financially controlling interest in the petitioner. *Rules of Practice for Trials Before the Patent Trial and Appeal Board and Judicial Review of Patent Trial and Appeal Board Decisions; Final Rule*, 77 Fed. Reg. 48,612, 48,617 (Aug. 14, 2012). Additional relevant factors include: the non-party's relationship with the petitioner; the non-party's relationship to the petition itself, including the nature and/or degree of involvement in the filing; and the nature of the entity filing the petition. *Trial Practice Guide*, 77 Fed. Reg. at 48,760.

There is no bright-line test for determining the necessary quantity or degree of participation in the proceeding to qualify as a real party-in-interest. *Id*. at 48,759 (citing *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 759 (1st Cir. 1994)). A non-identified party's participation may be overt or covert, and the evidence may be circumstantial, but the evidence, as a whole, must show that the non-identified party possessed effective control from a

---

[7] Another category discussed in *Taylor* that might be relevant here is a special statutory scheme that forecloses successive attacks by third parties, and otherwise is consistent with due process. *Taylor*, 553 U.S. at 895.

IPR2015-00122 (Patent 8,523,063)   IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)   IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)   IPR2015-00137 (Patent 8,297,502)

<span style="color:red">**PUBLIC REDACTED VERSION**</span>

practical standpoint. *Gonzalez*, 27 F.3d at 759. This inquiry is not based on isolated facts, but rather must consider the totality of the circumstances. *Id*.

*Burden*

In general, the identification of real parties-in-interest submitted in a petition is presumed to be correct. *Changes to Implement Inter partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents; Final Rule*, 77 Fed. Reg. 48,680, 48,695 (Aug. 14, 2012). This presumption is rebuttable by an opposing party who provides sufficient evidence that reasonably brings into question the accuracy of a petitioner's identification of real parties-in-interest.[8] As noted in our previous Order, the petitioner is more likely to be in possession of, or have access to, evidence that is relevant to the issue than is a patent owner. Paper 13, 2. In short, the ultimate burden of proof on the issue lies with the petitioner. *See, e.g., Zerto, Inc. v. EMC Corp.*, Case IPR2014-01254, slip op. at 6–7 (PTAB Feb. 12, 2015) (Paper 35).

---

[8] With a few exceptions not pertinent in this proceeding, the Federal Rules of Evidence apply to an *inter partes* review. 37 C.F.R. § 42.62(a). "[T]he party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. *But this rule does not shift the burden of persuasion, which remains on the party who had it originally.*" Fed. R. Evid. 301 (emphasis added).

8

| IPR2015-00122 (Patent 8,523,063) | IPR2015-00123 (Patent 8,523,063) |
| IPR2015-00124 (Patent 8,540,152) | IPR2015-00125 (Patent 8,540,152) |
| IPR2015-00133 (Patent 8,297,502) | IPR2015-00137 (Patent 8,297,502) |

**PUBLIC REDACTED VERSION**

*Analysis*

Upon reviewing the evidence presented by Askeladden and Patent Owner, we are not persuaded that Askeladden has met its burden of identifying all real parties-in-interest, as required by 35 U.S.C. § 312(a)(2). Askeladden was given an opportunity to resolve the uncertainty as to the boundary lines between PayCo and Askeladden with respect to whether PayCo exercised or could have exercised control over these proceedings. Paper 13. Askeladden argued unpersuasively that PayCo is merely a parent company ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ RPI Reply 3–11. Rather, upon consideration of the totality of the circumstances, we find that the evidence before us, as a whole, shows that the boundary lines are blurred sufficiently between PayCo and Askeladden with respect to the above-identified *inter partes* reviews, such that PayCo has the opportunity to control Askeladden's participation in these proceedings. *See, e.g., Zerto*, Case IPR2014-01254, Paper 35 slip op. at 6–7; *GEA Process Eng'g, Inc. v. Steuben Foods, Inc.*, Case IPR2014-00041, slip op. at 19–21 (PTAB Dec. 23, 2014) (Paper 140); *Zoll Lifecor Corp. v. Philips Elecs. N. Am. Corp.*, Case IPR2013-00606, slip op. at 9–13 (PTAB Mar. 20, 2014) (Paper 13). We address below the arguments presented by Askeladden in turn.

1. <u>Arguments concerning funding and control</u>

In its Reply, Askeladden argues that "PayCo and its member banks do not control or directly fund" the specific proceedings before us. RPI Reply

9

IPR2015-00122 (Patent 8,523,063)     IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)     IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)     IPR2015-00137 (Patent 8,297,502)

**PUBLIC REDACTED VERSION**

3–5. Askeladden also alleges that "neither PayCo nor its member banks directed or controlled the selection of the patents" at issue. *Id.* at 5. As support, Askeladden directs our attention to the Declaration of Mr. Reilly, who is Askeladden's General Counsel and PayCo's Senior Vice President and Associate General Counsel. Ex. 1531.

Askeladden, however, has not provided sufficient explanation or credible evidence to resolve the uncertainty with respect to whether PayCo or Askeladden provided the funding for the filing fees and legal expenses associated with the above-identified proceedings. Mr. Reilly testifies generally that Askeladden maintains separate books and financial records from PayCo. Ex. 1531 ¶ 10. Yet, no specific financial records have been submitted to establish that Askeladden, alone, funded these proceedings (e.g., the invoices for the expenses related to the *inter partes* reviews).

In fact, Mr. Reilly testifies that  . *Id.* ¶ 16. According to the LLC Agreement,

Ex. 1533, 10. Based on the evidence before us, we observe that Askeladden obtains its funding completely from PayCo, including the expenses associated with the proceedings before us. Askeladden has not proffered specific and credible evidence to show otherwise.

10

IPR2015-00122 (Patent 8,523,063)    IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)    IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)    IPR2015-00137 (Patent 8,297,502)

## PUBLIC REDACTED VERSION

Mr. Reilly further testifies ▮▮▮▮ ▮▮▮▮ and that Askeladden is solely responsible for selecting the involved patents for review. Ex. 1531 ¶¶ 11, 16. The evidence, as a whole, nevertheless, does not support that Askeladden has independent control over ▮▮▮▮ ▮▮▮▮ the selection of the specific patents for review.

Indeed, all members of Askeladden's Executive Committee appear to be the current executive officers of PayCo. Ex. 2029. ▮▮▮▮



▮▮▮▮ Notwithstanding Askeladden's assertions of corporate formalities (RPI Reply 6–12), the evidence before us, as a whole, indicates that PayCo is an involved and controlling parent company, providing little, if any, opportunity for Askeladden to represent other ▮▮▮▮ interests. In sum, PayCo and Askeladden are effectively a single entity with respect to the proceedings before us.

PayCo formed Askeladden to implement PQI—an initiative developed by PayCo for challenging certain financial services patents in administrative trial proceedings, including *inter partes* reviews. *Id*. at 1–2,

11

IPR2015-00122 (Patent 8,523,063)     IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)     IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)     IPR2015-00137 (Patent 8,297,502)

**PUBLIC REDACTED VERSION**

8–9; Ex. 2029, 1.  PayCo has played a predominant role in the development and implementation of PQI.  Ex. 1533, 1–2, 8–9; Ex. 2029,1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The evidence, as a whole, shows that PayCo has kept a tight rein over Askeladden, and the interests of Askeladden and PayCo are aligned closely insofar as how Askeladden advances PayCo's initiative in challenging certain financial services patents.



▮▮▮▮▮▮▮▮▮▮▮▮ we are not persuaded that Askeladden has the sole discretion of selecting the involved patents.

For the foregoing reasons, we are persuaded that the evidence, as a whole, sufficiently shows that PayCo has the opportunity to control

12

IPR2015-00122 (Patent 8,523,063)   IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)   IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)   IPR2015-00137 (Patent 8,297,502)

## PUBLIC REDACTED VERSION

Askeladden's participation in these proceedings, and, thus, PayCo is a real party-in-interest to the proceedings before us.

   2. Trade association argument

In its Reply, Askeladden also directs our attention to *Unified Patents Inc. v. Dragon Intellectual Property, LLC*, Case IPR2014-01252 (PTAB Feb. 12, 2015) (Paper 37), to support its argument that PayCo is not a real party-in-interest to these proceedings. RPI Reply 3–5. Askeladden's argument, however, is predicated on the improper premise that the holding of *Unified Patents* requires a showing that a non-party paid, directed, or suggested to the petitioner to challenge the specific patent, before we can treat the non-party as a real party-in-interest. Askeladden narrowly focuses on the discussion in *Unified Patents* as to why the holding in *RPX Corp. v. VirnetX Inc.*, Case IPR2014-00171 (PTAB July 14, 2014) (Paper 49), does not apply to the particular facts in *Unified Patents*.

Although a non-party, as in *Unified Patents*, does not become a real party-in-interest based solely on its membership in the trade association, "slight alterations in the facts, as well as consideration of other facts, might result in a different conclusion." *Trial Practice Guide*, 77 Fed. Reg. at 48,760. Unlike the facts in *Unified Patents*, PayCo here is not merely a member of a trade association. Rather, as discussed above, PayCo is an involved and controlling parent company, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Furthermore, there is no discernible boundary between PayCo and Askeladden with respect to these proceedings,

13

IPR2015-00122 (Patent 8,523,063)   IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)   IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)   IPR2015-00137 (Patent 8,297,502)

**PUBLIC REDACTED VERSION**

thus providing PayCo sufficient opportunity to control Askeladden's participation in these proceedings.

For the foregoing reasons, we are not persuaded by Askeladden's argument that the holding of *Unified Patents* applies here in these proceedings.

3. Seeking advisory opinion argument

Askeladden argues that Patent Owner improperly seeks an advisory opinion on the possible future application of the estoppel provision under 35 U.S.C. § 315(e).  RPI Reply 12–13.  To support its argument, Askeladden asserts that the real party-in-interest issue "is not dispositive of any issue in these proceedings," as Patent Owner has not sued any entity for infringement of the involved patents.  *Id*. at 12–13.

Askeladden's argument is of no moment here, as 35 U.S.C. § 312(a)(2) and 37 C.F.R. §§ 42.8(b)(1) and 42.104 require each Petition to identify all real parties-in-interest.  As discussed above, Patent Owner properly presents arguments and sufficient evidence, in its Preliminary Response, to bring reasonably into question the accuracy of Askeladden's identification of real party-in-interest, assuring that all issues are raised and considered promptly.

Askeladden also implies that the failure to comply with the real parties-in-interest requirement does not have meaningful consequences, as an "addition of a real party-in-interest here would merely change the filing date of the Petition" and delay the decision on institution.  *Id*. at 13.  Such a

14

| IPR2015-00122 (Patent 8,523,063) | IPR2015-00123 (Patent 8,523,063) |
| IPR2015-00124 (Patent 8,540,152) | IPR2015-00125 (Patent 8,540,152) |
| IPR2015-00133 (Patent 8,297,502) | IPR2015-00137 (Patent 8,297,502) |

<span style="color:red">**PUBLIC REDACTED VERSION**</span>

view contradicts the statute and rules, as well as undermines our ability "to secure the just, speedy, and inexpensive resolution of every proceeding." 37 C.F.R. § 42.1(b).  Askeladden should correct its Petitions at this early stage of the proceedings to minimize burden on the Board and prevent unnecessary delay.  Paper 13, 5.

    4. Conclusion

For the foregoing reasons, we determine that Askeladden fails to meet its burden that Askeladden is the sole real party-in-interest to the above-identified *inter partes* reviews, and that Askeladden also should have identified PayCo as a real party-in-interest.

### III.  FILING DATE VACATED

For the reasons discussed above, the Petitions do not identify all real parties-in-interest, as required by 35 U.S.C. § 312(a)(2) and 37 C.F.R. §§ 42.8(b)(1) and 42.104, and, as such, the Petitions are incomplete under 37 C.F.R. § 42.106(b).  The previously-accorded filing date for each of the Petitions is hereby vacated.

We observe, on this record, that Patent Owner has not served PayCo, Askeladden, or any other entity with a complaint alleging infringement of the involved patents.  *See generally*, Prelim. Resp. 54–60; Pet. 1; RPI Reply 13.  Therefore, the one-year statutory bar under 35 U.S.C. § 315(b) does not apply to these proceedings.  At this juncture, we have yet to decide whether or not to institute a review in these proceedings.

15

| | |
|---|---|
| IPR2015-00122 (Patent 8,523,063) | IPR2015-00123 (Patent 8,523,063) |
| IPR2015-00124 (Patent 8,540,152) | IPR2015-00125 (Patent 8,540,152) |
| IPR2015-00133 (Patent 8,297,502) | IPR2015-00137 (Patent 8,297,502) |

**PUBLIC REDACTED VERSION**

Under these circumstances, we hereby provide Askeladden an opportunity to correct the identification of all real parties-in-interest under 37 C.F.R. § 42.8(b)(1), within 5 business days from the entry of the instant Order, to avoid dismissal of the Petitions.

### IV.  ORDER

In consideration of the foregoing, it is:

ORDERED that, within **5 business days** from the entry of this Order, Askeladden should update its Mandatory Notice pursuant to 37 C.F.R. § 42.8(b)(1) to identify all real parties-in-interest, including The Clearing House Payments Company LLC, in each of the above-identified proceedings;  the updated Mandatory Notices filed in accordance with this Order to include the identification of all real parties-in-interest will be considered corrections to the Petitions; Askeladden is not required to resubmit the information contained in the original Petition filings; and

FURTHER ORDERED that the accorded filing date for each Petition filed in these proceedings is vacated; a new filing date for the Petitions will be accorded upon the filing of the updated Mandatory Notices that include the identification of all real parties-in-interest.

IPR2015-00122 (Patent 8,523,063)     IPR2015-00123 (Patent 8,523,063)
IPR2015-00124 (Patent 8,540,152)     IPR2015-00125 (Patent 8,540,152)
IPR2015-00133 (Patent 8,297,502)     IPR2015-00137 (Patent 8,297,502)

**PUBLIC REDACTED VERSION**

For PETITIONER:

Robert H. Fischer
Frank A. DeLucia
askeladdenIPR@fchs.com


For PATENT OWNER:

Brian Buchheit
bbucheit@gmail.com

17