# Exhibit 32

# UNITED STATED PATENT AND TRADEMARK OFFICE

_____

# BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

ASKELLADEN LLC

Petitioner,

v.

VERIFY SMART CORP.

Patent Owner.

_____

Case IPR2017-00726
Patent 8,285,648

_____

## MOTION TO DISMISS INTER PARTES REVIEW UNDER 35 U.S.C. § 312(a)(2) FOR FAILURE TO PROPERLY NAME REAL PARTIES IN INTEREST

## AND

## MOTION TO DISMISS INTER PARTES REVIEW UNDER 35 U.S.C. § 315(b), A REAL PARTY IN INTEREST OR PRIVY OF PETITIONER WAS SERVED WITH A COMPLAINT ALLEGING INFRINGEMENT OF THE PATENT MORE THAN ONE YEAR PRIOR TO THE FILING OF THE PETITION

**Mail Stop PATENT BOARD**
Patent Trial and Appeal Board
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

# TABLE OF CONTENTS

I.   TABLE OF CONTENTS ..................................................................i

II.  TABLE OF AUTHORITIES .......................................................... ii

III. TABLE OF EXHIBITS .................................................................. iii

IV.  ARGUMENT ................................................................................1

    a.  TCH is a Real Party in Interest..........................................1

    b.  Bank of America is a Real Party in Interest .....................3

    c.  The Patent Challenge Committee does not Shield BOA or TCH...6

    d.  Collateral Estoppel .............................................................7

V.   CONCLUSION ............................................................................7

VI.  CERTIFICATE OF SERVICE ....................................................8

# TABLE OF AUTHORITIES

Page

**CASES**

Harper v. Delaware Valley Broadcasters, Inc., 743 F. Supp. 1076 (D. Del. 1990) ..3

Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc., 456 F. Supp. 831, 840 (D. Del. 1978)..................................................................................................................3

United States v. Golden Acres, Inc., 702 F. Supp. 1097 (D. Del. 1988)...................3

**PTAB**

Askeladden v. McGhie, IPR2015-00133 ...................................................................1

Atlanta Gas Light Company v. Bennett Regulator Guards, Inc., Case IPR2013-00453.......................................................................................................................1

GEA Process Eng., Inc. v. Steuben Foods, Inc., Case IPR2014-00041 ....................1

Taylor v. Sturgell, 553 U.S. 880 (2008) ...................................................................4

**STATUTES**

35 U.S.C. § 312(a)(2)................................................................................................1

35 U.S.C. § 315(b) ....................................................................................................5

**TREATISES AND LAW REVIEW**

Delaware Corporation Law and Practice 8.02, Matthew Bender & Co. (2013) .......2

DeMott, Deborah. "Agency in the Alternatives: Common-Law Perspectives on Binding the Firm." (2014)...........................................................................3

DeMott, Deborah A. "Defining Agency and Its Scope (II)." (2016): 396 ...............3

Rasmusen, Eric. "Agency law and contract formation." American Law and Economics Review 6.2 (2004): 369-409 ..................................................3

## <u>TABLE OF EXHIBITS</u>

**Exhibit 2001** Letter from Mr. Sean Reilly, on behalf of Askeladden L.L.C.

**Exhibit 2002** The Clearing House Association 2015 Form 990

**Exhibit 2003** www.patentqualityinitiative.com website.

**Exhibit 2004** The Clearing House Owner Banks

**Exhibit 2005** Real Party in Interest Order, Askeladden v. McGhie, IPR2015-00133
(03-06-15)

**Exhibit 2006** Real Party in Interest Order, Askeladden v McGhie, IPR2015-00133
(02-17-15)

**Exhibit 2007** Termination Order, Atlanta Gas v. Bennett, IPR2013-00453 (1-6-
2015)

**Exhibit 2008** Real Party in Interest Termination Order, GEA Process Eng v.
Steuben Foods, IPR2014-00041 (12-23-2014)

**Exhibit 2009** Delaware Corporation Law and Practice 8.02, Matthew Bender
(2013)

**Exhibit 2010** www.theclearinghouse.org/about-tch/the-association

**Exhibit 2011** www.theclearinghouse.org/about-tch/the-payments-company

**Exhibit 2012** www.theclearinghouse.org/about-tch/tch-executives/executive-
management

**Exhibit 2013** www.theclearinghouse.org/about-tch/tch-executives/association-executives

**Exhibit 2014** United States v. Golden Acres, Inc., 702 F. Supp. 1097 (D. Del. 1988)

**Exhibit 2015** Harper v. Delaware Valley Broadcasters, Inc., 743 F. Supp. 1076 (D. Del. 1990)

**Exhibit 2016** Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc., 456 F. Supp. 831, 840 (D. Del. 1978)

**Exhibit 2017** DeMott, Deborah. "Agency in the Alternatives: Common-Law Perspectives on Binding the Firm." (2014).

**Exhibit 2018** DeMott, Deborah A. "Defining Agency and Its Scope (II)." (2016): 396.

**Exhibit 2019** Rasmusen, Eric. "Agency law and contract formation." American Law and Economics Review 6.2 (2004): 369-409.

**Exhibit 2020** Taylor v. Sturgell, 553 U.S. 880 (2008)

**Exhibit 2021** Mary Harman, LinkedIn Profile

**Exhibit 2022** Bank of America Announcement (Mary Harman)

**Exhibit 2023** Nat'l Ass'n of Corp. Directors, Report Of The NACD Blue Ribbon Comm'n, Risk Governance: Balancing Risk And Reward (2009)

**Exhibit 2024** www.theclearinghouse.org/about-tch/tch-executives

**Exhibit 2025** Declaration of Sean Reilly, IPR2015-00122

**Exhibit 2026** Amicus Brief of TCH in Bank Of America v. Gelboim

**Exhibit 2027** Brief For Respondent The Clearing House Assn

**Exhibit 2028** Dayen, David, "Eric Holder didn't send a single banker to jail for the mortgage crisis. Is that justice?" The Guardian (September 24, 2014)

**Exhibit 2029** Amicus Brief of The American Bankers Association, et al. in Bank of America v. City of Miami

**Exhibit 2030** Order of Dismissal, Appeal of: Bank of America, N.A. Military Bank-Overseas Division (July 27, 2016)

**Exhibit 2031** Robert Haney web page, www.cov.com/en/professionals/h/robert-haney

**Exhibit 2032** Minutes of Meeting Between Staff of the Federal Reserve Board and Representatives of The Clearing House (April 21, 2016)

**Exhibit 2033** Petitioner's Updated Mandatory Notices, IPR2015-00122

**Exhibit 2034** Appeal Brief in 13/243,405

**Exhibit 2035** PTAB decision in 13/243,405

**Exhibit 2036** Verify Smart v. Bank of America Docket, New Jersey District Court, Case No. 2:15-cv-05348

**Exhibit 2037** Opinion, June 30, 20-15, Verify Smart v. Bank of America, Civil No: 14-5117 (KSH)(CLW)

**Exhibit 2038** Testimony of Sean Reilly Senior Vice President and Associate

General Counsel The Clearing House Payments Company L.L.C. on behalf

of The Clearing House Payments Company L.L.C., the Clearing House

Association L.L.C. and Financial Services Roundtable, "The Impact of Bad

Patents on American Businesses", House Judiciary Subcommittee on Courts,

Intellectual Property, and the Internet (July 13, 2017)

**1. TCH is a Real Party in Interest**

Askeladden LLC ("Ask"), petitioner, is a wholly owned subsidiary of, and shares management with, The Clearing House Payments Co., LLC ("TCH") (Ex. 2001). The Clearing House Association LLC ("Assn.") is under common ownership with, and shares ownership with TCH (Ex. 2002, pp. 23-24, 2012, 2013). Funding for Ask is believed to derive from TCH (Ex. 2003 p. 6, 2004, 2025), which receives its funding largely from dealings with its member banks. TCH and Assn. share management and a Board of Directors ("Board"), and are owned by 24 (or 25) member banks (Ex. 2002 pp. 8, 23; 2003 p. 6, 2024). These parties were considered real parties in interest ("RPI") in Ask. V. McGhie (Ex. 2005, 2006, 2033, 2038). The RPI is required for the IPR, 35 U.S.C. § 312(a)(2).

The supposed existence of a corporate boundary between Ask and the TCH is a legal fiction. TCH exercised or could have exercised control over Ask, its agents, and these proceedings, based on its right and obligation, as sole owner, and employer of Ask's management. See, e.g., Atlanta Gas Light Company v. Bennett Regulator Guards, Inc., Case IPR2013-00453 (Ex. 2007); GEA Process Engineering, Inc. v. Steuben Foods, Inc., Case IPR2014-00041 (Ex. 2008).

Delaware law provides that the corporate veil(s) may be pierced where "a sole stockholder had either disregarded his or its subsidiary's separate corporate form or treated the corporation as a mere "instrumentality" or extension of himself

or itself." (Ex. 2009). TCH acts to represent the interests of the member banks

("…The Clearing House and its Owner Banks form strong consensus positions on

issues vital to the banking industry…" (Ex. 2010, 2027); "The Clearing House

takes its role in the payments business seriously and actively supports the industry

two ways: …Thought Leadership–The Clearing House is uniquely able to convene

senior executives from the industry to conceptualize—and then execute on—new

strategic ideas for payments to meet the challenges of a fast changing market." (Ex.

2011); "The Patent Quality Initiative, under Askeladden L.L.C., is the product of

thought-leadership provided by The Clearing House Payments Company L.L.C….

The Clearing House Association L.L.C. is a nonpartisan advocacy organization

representing—through regulatory comment letters, amicus briefs and white

papers—the interests of its owner banks on a variety of important banking issues.

Its affiliate, The Clearing House Payments Company L.L.C., provides payment,

clearing and settlement services to its member banks and other financial

institutions… The Clearing House Payments Company L.L.C. provided initial

funding." (Ex. 2003 p. 6). Ask and TCH share management, e.g., Sean Reilly (GC

of Ask and SVP and Assoc. GC of TCH); Jim Howard (Assoc. GC of Ask, and VP

& Assoc. GC of TCH), Dave Fortney (Exec. VP, Prod. Dev. and Mgt. for "The

Clearing House"); Jill Hershey (Exec. Mgt. Dir. and Head of Gov't Affairs for

Assn.); Rob Hunter (Exec. Managing Dir. and Deputy GC of TCH) (Exhibit 2003,

pp. 37-38). Therefore, based on Ask and TCH admissions, Ask is a mere instrumentality of TCH, with no real and effective separation, and according to equitable doctrines, should be treated as a common entity for purposes of being a real party in interest. The PTAB is not bound by Delaware law, since veil piercing is an equitable doctrine, see, United States v. Golden Acres, Inc., 702 F. Supp. 1097 (D. Del. 1988) (a factor in the analysis is whether "corporation simply functioned as a facade for the dominant shareholder") (Ex. 2014); Harper v. Delaware Valley Broadcasters, Inc., 743 F. Supp. 1076 (D. Del. 1990) (Ex. 2015) (Courts need only consider whether inequity, unfairness or injustice would result from recognition of a claimed separate corporate identity). In Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc., 456 F. Supp. 831, 840 (D. Del. 1978) (Ex. 2016), the "instrumentality" theory holds a parent liable for its subsidiary's obligations even absent of fraud or "holding out", based on a principal-agent theory.

## 2. Bank of America is a Real Party in Interest.

Bank of America Corp. (BOA) is a member bank of TCH (Ex. 2004). According to the law of agency, a principal is responsible for, and bound by, the acts of its agent acting within the scope of actual or apparent authority. (Ex. 2017, 2018, 2019) TCH and Ask expressly hold themselves out to the public as being agents and representatives of BOA, as discussed above. Ask and TCH admit that

each acts on behalf of its owner banks, including BOA, to challenge purportedly bad patents that threaten them. They state: "The Clearing House Association L.L.C., is a nonpartisan advocacy organization that *represents the interests of its owner banks* by promoting and developing policies to support a safe, sound, and competitive banking system." (Ex. 2003 p. 9). Thus, TCH and Askeladden publicly admit that they are agents of the 24 member banks, including BOA. A person or entity acting on behalf of an entity and disclosed as having that capacity, can bind the entity under the doctrine of apparent authority. The principal-agency relationship allows the agent to create privity between a third party and the principal. Likewise, the principal and agent are in privity.

Ask makes no pretense (other than in the statement of real party in interest) of seeking to advance its *own* pecuniary interests, and rather clearly asserts the interests of the member banks as the motivation for filing this IPR. Thus, it becomes clear that Ask acts at the behest of TCH, as agents for the member banks and the Board, and that the member banks, including BOA, are the real parties in interest and privies of Ask. "[A] party bound by a judgment may not avoid its preclusive force by relitigating through a proxy… A party may not use a representative or agent to relitigate an adverse judgment." Taylor v. Sturgell, 553 U.S. 880 (2008) (Ex. 2020). In this case, BOA was sued for infringement of U.S.

8,285,648 more than one year prior to the Petition, and is barred under 35 U.S.C. § 315(b).

BOA appoints one of the members of the Board. For example, Mary Harman (Managing Director of BOA) was apparently BOA's designee in May, 2017, and her role was to "Represent Bank of America on The Payment Company Board overseeing the strategic and operational activities of The Clearing House." (Ex. 2021, 2022). The Board is responsible for, and cannot properly abdicate, the activities of the management. (Ex. 2023)

Ask appears to be consuming its own and TCH's own resources to provide direct benefit to the member banks, which benefit does not accrue to Ask or TCH themselves. The member banks, including BOA, are not innocent bystanders who are indirect and incidental beneficiaries of the IPR. The member banks, including BOA actively control TCH, and have the right and means to do so, through the Board. (Ex. 2003 p. 23) TCH wholly owns, controls, and shares management of Ask. This is a classic case where Ask and TCH both operate as agent on behalf of their disclosed principal(s). Under the law of Agency, it is the reasonable understanding of parties that interact with an agent, that controls whether the agent can be treated as acting on behalf of a principal with apparent authority, and create liability to bind the principal, including collateral estoppel. Given the factual circumstances at issue in this case, by which TCH and Ask act and publicly hold

themselves out as acting for the member banks, it is reasonable to impart liability on the member banks, such that the member banks, including BOA, are and should be named as the real parties-in-interest or privies.

### 3. The Patent Challenge Committee does not Shield BOA or TCH

A second basis for a finding of agency exists: the "Patent Challenge Committee" ("PCC") (Ex. 2003 pp. 40-41), upon which Ask relies to shield TCH and the member banks, fails to effectively achieve that purpose, and is a mere smokescreen. BOA's actions had a direct and clearly causative relationship with the IPR at issue. There is no doubt that BOA, in its role on the Board of TCH, established and controlled the vehicle for causing patents of interest to its business to be challenged. The funds for operation of Ask come from TCH. (Ex. 2003 p. 6) TCH and Ask continuously and publicly announced their loyalty to the member banks, and it is implausible that the PCC was unaware of its intended role in, and continued existence being dependent on, furthering the interests of the member banks. The PCC are not independent actors, and they serve the interests of the Board and the member banks. At least two of the committee members are attorneys with law firms who represent BOA and therefore hold a special fiduciary relationship that must be considered. For Example, Judge Roderick McKelvie "is currently senior counsel at Covington & Burling, where he continues to focus on patent-related matters." Covington & Burling claim that BOA is one of its major

clients (Ex. 2026-2031), and also represent TCH (Ex. 2003 p. 169; 2032). Hon.

Gerald Mossinghoff "is currently senior counsel at Oblon, McClelland, Maier &

Neustadt, L.L.P.", which also represents BOA) (Ex. 2034 FN1, 2035 p. 2).

Therefore, the PCC does not effectively shield TCH or the member banks from

being real parties in interest or privies, since their own attorneys are the decision

makers for filing and controlling the IPR.

### 4. Collateral Estoppel

If BOA is named as a real party in interest or privy, then this case must be

dismissed under 35 U.S.C. § 315(b), since BOA was served with a complaint

alleging infringement of the patent more than one year prior to the filing of the

petition. (Ex. 2036, 2037) The facts of this case bespeak collusion between the

involved entities BOA, TCH, and Ask, seeking to create plausible deniability,

while in fact allowing agents (Ask/PCC) to do the bidding of the principals

(member banks/TCH). Therefore, the Petition should be dismissed.

### 5. Conclusion

For the foregoing reasons, the Board should grant the Motions.

Respectfully Submitted,
/Steven M. Hoffberg/                      /Jean-Marc Zimmerman/
Steven M. Hoffberg (Reg. No. 33,511)   Jean-Marc Zimmerman (Reg. No. 36,978)
Ostrolenk Faber LLP, 1180 6th Avenue   Zimmerman Law Group
New York, NY 10036                      233 Watchung Fork Westfield, NJ 07090
(212) 382-0700                          Tel: (908) 768-6408

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the below date, I caused the foregoing to be served upon the following counsel of record via e-mail and US EXPRESS MAIL:

PETITIONER:

Charles Macedo
cmacedo@arelaw.com
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016

Mark Berkowitz
mberkowitz@arelaw.com
Amster Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016


Date:  September 7, 2017        By:_____ /Steven M. Hoffberg/_____

                                        Steven M. Hoffberg

Ostrolenk Faber LLP
1180 Avenue of the Americas
New York, New York 10036
Tel: (212) 382-0700
Fax: (212) 382-0888