Trials@uspto.gov  Paper 41
571.272.7822  Entered: December 26, 2017

**FOR BOARD AND PARTIES ONLY**

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

ASKELADDEN LLC,
Petitioner,

v.

VERIFY SMART CORP.,
Patent Owner.
_____

Case IPR2017-00726
Patent 8,285,648 B2
_____

Before CARL M. DeFRANCO, FRANCES L. IPPOLITO, and
MELISSA A. HAAPALA, *Administrative Patent Judges*.

HAAPALA, *Administrative Patent Judge*.

DECISION
*Patent Owner's Motion to Terminate*
*37 C.F.R. § 42.71(a)*

**FOR BOARD AND PARTIES ONLY**

## I. INTRODUCTION

We instituted trial in this proceeding on July 23, 2017. Paper 6. On September 7, 2017, pursuant to our authorization (Paper 9), Patent Owner filed a Motion to Terminate this Proceeding under 35 U.S.C. § 312(a) and § 315(b). Paper 10. Petitioner filed an Opposition to Patent Owner's Motion. Paper 11. Patent Owner filed a Reply to Petitioner's Opposition (Paper 16 (sealed))[1] and Petitioner filed a Sur-Reply (Paper 18).

Along with the Opposition, Petitioner submitted a declaration by Hon. Roderick R. McKelvie (ret.) (Ex. 1012) and a Letter Agreement (Ex. 1013) (sealed), represented to be a true and redacted copy of Judge McKelvie's 2016 Letter Agreement to Serve as a Member of Petitioner's Patent Challenge Committee (PCC). *See* Ex. 1012 ¶ 6. Attached to the Letter Agreement is a document represented to be a true and correct copy of Petitioner's Amended and Restated Limited Liability Company Agreement. *Id.*; Ex. 1013 App'x A (sealed). Patent Owner deposed Hon. McKelvie and the transcript of the deposition is in the record. Ex. 2039 (sealed). Additionally, Patent Owner filed a motion for observation on the cross-examination of Hon. McKelvie, and Petitioner filed a response. Papers 25, 26.

## II. ANALYSIS

*A. Whether Petitioner Failed to Identify All Real Parties in Interest*

A petition for *inter partes* review may be considered only if "the petition identifies all real parties in interest." 35 U.S.C. § 312(a). The identification of real parties in interest is made in a mandatory notice filed

---

[1] A redacted public version of Patent Owner's Reply is entered as Paper 15.

**FOR BOARD AND PARTIES ONLY**

by the petitioner as part of the petition. 37 C.F.R. § 42.8(a)(1). Whether a petition identifies all real parties in interest is a threshold issue on which the petitioner bears the burden of persuasion. *Atlanta Gas Light Co. v. Bennett Regulator Guards, Inc.*, IPR2013-00453, slip op. at 7–8 (PTAB Jan. 6, 2015) (Paper 88). We generally accept the petitioner's identification of real parties in interest at the time of filing the petition. *Zerto, Inc. v. EMC Corp.*, IPR2014-01254, slip op. at 6–7 (PTAB Feb. 12, 2015) (Paper 32). Patent Owner bears the burden of production to produce evidence to rebut that presumption. *See Galderama S.A. v. Allegan Industries SAS*, IPR 2014-01422, Paper 14, 6 (PTAB Mar. 5, 2015) (citations omitted). Where a patent owner provides sufficient rebuttal evidence that reasonably calls into question the accuracy of petitioner's identification of real parties in interest, the petitioner bears the ultimate burden of proving it has complied with the statutory requirements to identify all real parties in interest. *Atlanta Gas Light*, slip op. at 8.

   Whether a party who is not a named participant in a proceeding is a real party in interest is a highly fact-dependent question. Office Patent Trial Practice Guide, 77 Fed. Reg. 48,756, 48,759 (Aug. 4, 2012) ("Trial Practice Guide") (citing *Taylor v. Sturgell*, 553 U.S. 880 (2008)). The Supreme Court in *Taylor* sets forth a list of factors that provides a framework for the decision. *See Taylor*, 553 U.S. at 893–895. A common consideration is whether the non-party exercised or could have exercised control over a party's participation in a proceeding. Trial Practice Guide, 77 Fed. Reg. at 48,759 (citing *Taylor*, 553 U.S. at 895). A party that funds and directs and controls an IPR proceeding constitutes a real party in interest. *Id.* at 48,760.

**FOR BOARD AND PARTIES ONLY**

Additional relevant factors include the party's relationship with the petitioner; the party's relationship to the petition itself, including the nature and/or degree of involvement in the filing; and the nature of the entity filing the petition. *Id.* However, a party does not become a real party in interest merely based on membership in an association. *Id.* The central focus is on the party's *relationship to the proceeding* and the degree of control the party can exert over the proceeding, not the *relationship between parties*. *See Aruze Gaming Macau, Ltd. V. MGT Gaming, Inc.*, IPR2014-01288, slip op. at 11 (PTAB Feb. 20, 2015) (Paper 13).

The petition in this proceeding names Askeladden L.L.C. (Petitioner) as the sole real party in interest. Paper 1, 3. Patent Owner contends that The Clearing House Payments Co., LLC ("TCH") and Bank of America are also real parties in interest to this proceeding. Paper 10, 1–6.

1. TCH

According to the Amended and Restated Limited Liability Agreement of Askeladden ("Agreement"), TCH formed Askeladden as a single member limited liability company. Ex. 1013, 7.[2] Further, the Agreement designates TCH as the parent company and sole member of Askeladden. *Id.* Additionally, according to the same document, Askeladden has no employees and receives all of its services from TCH. *See id.* at 8 (§ 9(a)).

Askeladden further includes an Executive Committee that is responsible for managing the business of Askeladden, including its Patent

---

[2] Our decision cites to the page numbers for Exhibit 1013 inserted by Petitioner.

IPR2017-00726
Patent 8,285,648 B2

**FOR BOARD AND PARTIES ONLY**

Quality Initiative. *Id.;* see also Ex. 2003, 6 (stating the Patent Quality Initiative under Askeladden is the product of thought-leadership provided by TCH and that TCH provided initial funding). The Executive Committee consists of at least three (3) members selected by TCH from the current officers of TCH. Ex. 1013, 7. At the time the proceeding was filed, Askeladden's Executive Committee included: (1) Sean Reilly; (2) Dave Fortney; (3) Rob Hunter; and (4) Jill Hershey. Ex. 1015. Since that time, Ms. Hershey has withdrawn from the Executive Committee. *Id.* Petitioner states that the profiles for the Executive Committee members can be found in Patent Owner's Ex. 2003. *Id.* The profiles indicate that all four members are Vice Presidents or Executive Managing Directors of TCH. *See* Ex. 2003, 37–38.

In its Motion, Patent Owner contends the existence of a corporate boundary between Askeladden and TCH is a legal fiction. Paper 10, 1. More particularly, Patent Owner argues TCH exercised or could have exercised control over Askeladden and these proceedings based on its right and obligation, as sole owner, and employer of Askeladden's management. *Id.* Patent Owner adds that funding for Askeladden is believed to be derived from TCH. *Id.* Patent Owner further asserts Askeladden is a mere instrumentality of TCH, with no real and effective separation, and should be treated as a common entity for purposes of being a real party in interest. *Id.* at 3. Additionally, Patent Owner asserts that TCH was considered a real party in interest in a prior Board proceeding (*Askeladden v. McGhie*,

**FOR BOARD AND PARTIES ONLY**

IPR2015-00122 (PTAB Mar. 6, 2015) (Paper 30)). *See* Paper 10, 1 (citing e.g., Ex. 2005).[3]

In response, Petitioner contends it is the only real party in interest in this proceeding because no other entity exercised control, or could exercise control, over this proceeding. Paper 11, 1. Petitioner asserts that all decisions pertaining to IPRs are currently being made by its independent Patent Challenge Committee (PCC). *Id.*; *see also* Paper 18, 1. Petitioner asserts that members of the PCC independently select which patents to target with IPR proceedings; and authorize, direct and control the filing, conduct and funding of such proceedings (including the present proceeding). Paper 11, 1 (citing Ex. 1012).

Additionally, Petitioner asserts it made fundamental changes to its structure and operating procedures to address the prior Board decision in *McGhie* that TCH should have been named a real party in interest. *Id.* at 3–4. Petitioner asserts these changes were in effect for this proceeding. *Id.* at 4. In particular, Petitioner formed its PCC as an independent body to decide which patents Petitioner should challenge, and to bear all responsibility for directing such challenges. *Id.* at 4. Petitioner states that since its creation,

---

[3] In the *McGhie* proceeding, the Board determined that Askeladden should have identified The Clearing House Payments Company as a real party in interest and provided Askeladden with five business days to update its Mandatory Notice. Ex. 2006, 16–17. Although the Board also vacated the previously accorded filing date of the proceeding, we note that its decision was pre-institution and before *Lumentum* was made precedential. Petitioner complied with the order and updated its Mandatory Notice to identify The Clearing House Payments Company LLC as a real party in interest before the specified deadline. *See* Ex. 2033.

6

**FOR BOARD AND PARTIES ONLY**

the PCC has had three members: (1) Hon McKelvie; (2) Prof. John Thomas; and (3) Hon. Gerald Mossinghoff. *Id.* Petitioner amended its Limited Liability Company (LLC) agreement to provide that the PCC shall independently implement, manage, and conduct all patent challenges and shall operate independently of TCH's Executive Committee. *Id.* Petitioner asserts that the PCC has sole discretion regarding the use of funds included in its annual budget and sole discretion and responsibility for selecting and engaging service providers, including outside legal counsel and experts. *Id.* at 6 (citing Ex. 1013, 11). Petitioner asserts that all of the procedures were followed by Hon. McKelvie and Prof. Thomas when they independently made the decision to prepare and file this IPR petition and that they alone continue to have sole responsibility for managing this procedure. *Id.* at 4–5. In support of its assertions, Petitioner cites to testimony of Hon. McKelvie. *See id.* at 4–5 (citing Ex. 1012 ¶ 23).

With respect to the PCC, we note that Askeladden's Articles of Incorporation indicate the purpose of its PCC is to independently implement, manage, and conduct the aspect of Askeladden's Patent Quality Initiative directed to challenging the validity of patents as specified in its Patent Challenge Guidelines. Ex. 1013, 10 (§ 11(a)). The PCC consists of three independent members of Askeladden that are chosen by the Executive Committee. *Id.* at 10 (§ 11(d)). The PCC identifies appropriate patents for challenge, directs the filing of petitions to PTAB challenging the validity of selected patents, and oversees the prosecution, conduct, and management of proceedings initiated by PTAB. *Id.* The PCC holds a vote to determine whether to challenge the validity of a patent and to make decisions regarding

**FOR BOARD AND PARTIES ONLY**

the ultimate disposition of proceedings before the PTAB. *Id.* at 11 (§§ 11(i), 11(j)). Any member of the Executive Committee may object to a decision by vote of the PCC on the grounds that the decision contravenes the purpose of the committee, the provisions of Section 11 of the Articles of Incorporation, and/or the Patent Challenge Guidelines, or cannot be implemented with funds available to the Patent Challenge Committee. *Id.* at 12 (§ 11(k)). If such an objection is made, and the PCC is unable to resolve it, the PCC shall not implement or execute its decision unless all three (3) members of the PCC vote to overrule the objection. *Id.*

After considering the parties' briefing and supporting evidence, we determine that TCH should be named a real party in interest in this proceeding. Although Petitioner undertook steps to amend its Articles of Incorporation and establish an independent PCC, we, nonetheless, discern that under Section 11(k), the Executive Committee may object to a decision of the PCC, and effectively veto a PCC decision unless "*all three members of the Patent Challenge Committee vote to overrule the objection.*" *See* Ex. 1013, 12 (§ 11(k)) (emphasis added). Effectively, the entire PCC must vote in favor of overruling an objection by the Executive Committee in order to proceed with its decision. We agree with Patent Owner (Paper 16, 2) that the veto power over the PCC is an ultimate form of control by the Executive Committee.

We disagree with Petitioner's arguments that the limited right to object is not sufficient to establish TCH controls this proceeding by influencing Executive Committee personnel. *See* Paper 18, 1–2. As acknowledged by Petitioner, the conclusion in the *McGhie* proceeding that

8

**FOR BOARD AND PARTIES ONLY**

TCH should have been named as a real party in interest turned on the fact that those IPR proceedings were directed by members of Petitioner's Executive Committee, who were also executive officers of TCH.  Paper 11, 3; *see* Ex. 2005, 11.  In the instant proceeding, the current Executive Committee has the same ability to control this proceeding through its power under § 11(k) to object to a decision and require a unanimous decision by the PCC members to overturn the objection.  This alone is sufficient control; but we note that the control by the Executive Committee in this proceeding is even stronger given that only two members of the PCC have participated and therefore, the objection cannot in effect be overturned.  *See* Ex. 1012 (asserting that Hon. Gerald Mossinghoff provided no input, nor made any decisions related to the patent involved in this proceeding); *see also* Ex. 2039, 12:15–13:6 (testifying that Hon. Mossinghoff recused himself from this proceeding).

For similar reasons as the panel in *McGhie*, we determine the boundary lines between TCH and Askeladden are blurred sufficiently such that TCH has the opportunity to control these proceedings.  *See* Ex. 2005, 8–11.  TCH, the parent company, is the sole member of Askeladden.  Ex. 1013, 7 (§ 7).  All members of Askeladden's Executive Committee are current executive officers of TCH.  *See* Ex. 1015; Ex. 2003, 37–38.  All services are provided pursuant to a service agreement between TCH and Askeladden.  Ex. 1013, 8 (§ 9(a)).  Askeladden has no employees, but only the three independent contractor members of the PCC, whom are selected by the Executive Committee.  *See* Ex. 1013, 8 (§ 9(a)), 10 (§ 11(a)).  Moreover, the evidence supports Patent Owner's assertion that funding for Askeladden is

**FOR BOARD AND PARTIES ONLY**

derived from TCH, including the funding for this proceeding. Paper 10; *see* Ex. 2003, 6. Petitioner does not provide any evidence that there are other funding sources. Although the PCC may control when and how the funds are spent, the Executive Committee (comprised exclusively of TCH executive management) has the power to veto the decisions of the PCC. Ex. 1013, 12 (§ 11(k)). We agree with Patent Owner that a non-party does not become a real party in interest merely by providing funds to a petitioner or contributing funds to a trade association. Paper 11, 6. But, the evidence here indicates that TCH does much more than merely provide funds to Askeladden.

For the foregoing reasons, we are persuaded that TCH has the opportunity to control Askeladden's participation in this proceeding and, therefore, should be named as a real party in interest.

2.  Bank of America

Patent Owner asserts that Bank of America is a member bank of TCH. Paper 10, 3 (citing Ex. 2004). Patent Owner contends that because Askeladden and TCH admit that they act on behalf of its owner banks to challenge purportedly bad patents, they are agents of the 24 member banks, including Bank of America. *Id.* at 3–4 (citing Ex. 2003, 9). Patent Owner asserts that Bank of America appoints one of the members of TCH Board and that the member banks have the right and means to control TCH through the Board. *Id.* at 5. Additionally, Patent Owner asserts that the PCC serves the interest of the Board and its member banks and that at least two of the members are attorneys with law firms who represent Bank of America. *Id.* at 6. Patent Owner concludes that given the circumstance by which TCH

**FOR BOARD AND PARTIES ONLY**

and Askeladden act and publicly hold themselves out as acting for the member banks, it is reasonable to impart liability such that the member banks, including Bank of America, should be names as a real party in interest. *Id.* at 5–6.

Petitioner argues that Patent Owner presents no evidence that Bank of America controls or "had an opportunity to control Petitioner's decision to file or maintain *this proceeding*." Paper 11, 1–2. Petitioner asserts that before the Petition in this proceeding was filed, Bank of America settled its dispute with Patent Owner, and has nothing to gain by the instant proceeding (i.e., invalidating the patent at issue). *Id.* at 2, 7 (citing Ex. 1014). Petitioner further asserts that the member banks of TCH, including Bank of America, have no ability to control, direct, or otherwise influence any IPR proceeding contemplated or filed by Askeladden, let alone this one. *Id.* at 7.

We are not persuaded that Bank of America, or other member banks of TCH, should be named as a real party in interest to this proceeding. As explained previously, the relevant inquiry is not the relationship between Bank of America and TCH/Askeladden, but rather the relationship of Bank of America to this proceeding and the degree of control Bank of America can exert over this proceeding. See *Aruze*, slip op. at 11. Patent Owner does not provide persuasive argument or evidence that Bank of America controls or had the opportunity to control *this proceeding*. Patent Owner also does not assert or introduce evidence that the members of the PCC themselves represent, or ever represented, Bank of America. In fact, Hon. McKelvie testifies that he retired from Covington & Burling LLP, as of October 1,

11

IPR2017-00726
Patent 8,285,648 B2

**FOR BOARD AND PARTIES ONLY**

2016 and is not engaged in any practice of law. Ex. 2039, 6:21–7:1, 20:21-21:11.

For the foregoing reasons, we determine that Patent Owner fails to meet its burden of production to produce evidence sufficient to rebut the presumption that Bank of America is not a real party in interest to this proceeding.

3.  Opportunity to Correct Petition

Although we agree with Patent Owner that Petitioner should have named TCH as a real party in interest in this proceeding, we disagree that this proceeding must necessarily be terminated because of Petitioner's failure to name TCH in its Petition. A lapse in compliance with the requirements of 35 U.S.C. § 312(a) does not deprive the Board of jurisdiction over the proceeding, or preclude the Board from permitting such lapse to be rectified. *Lumentum Holdings, Inc. v. Capella Photonics, Inc.*, IPR2015-00739, slip op. 5 (PTAB March 4, 2016) (Paper 38) (precedential). Further, although 37 C.F.R. § 42.106(a) states a petition "will not be accorded a filing date" until it satisfies a number of requirements, including identifying each real party in interest (*see* 37 C.F.R. §§ 42.104, 42.8(b)(1)), we have the authority to waive or suspend this requirement and place conditions on the waiver. *See* 37 C.F.R. § 42.5. In this instance, there is no indication of bad faith on the part of Petitioner in its failure to name TCH. Rather, Petitioner undertook significant reorganization efforts after the prior Board determination that TCH should be named as a RPI. We determine the late correction of the Petition under the totality of the circumstances would be in the interests of justice. 37 C.F.R. § 42.5(c)(3). Accordingly, given the

**FOR BOARD AND PARTIES ONLY**

facts of this case, we exercise our discretion to permit Petitioner the opportunity to add TCH as a RPI without changing the Petition's original filing date.

Petitioner has 10 (ten) business days from entry of this decision to update its Mandatory Notice pursuant to 37 C.F.R. § 42.8(b)(1) to identify all real parties in interest, including TCH, without a change in the filing date of the Petition.  Provided that Petitioner updates its Mandatory Notice to add TCH by the specified deadline, Patent Owner's Motion to Terminate under 35 U.S.C. § 312(a) for failure to name all real parties in interest is *denied*.

In the event that Petitioner fails to update its Mandatory Notice to add TCH as a real party in interest by the deadline, we will enter a subsequent order granting Patent Owner's Motion to Terminate for failure to name all real parties in interest as required by 35 U.S.C. § 312(a).

*B.  Whether the Petition is Barred under 35 U.S.C. § 315(b)*

35 U.S.C. § 315(b) provides "[a]n inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." Patent Owner asserts that if Bank of America is named as a real party in interest or privy, then this case must be dismissed under 35 U.S.C. § 315(b) because Bank of America was served with a complaint alleging infringement of the patent more than one year prior to the filing date of the petition.  Paper 10 (citing Exs. 2036, 2037).

In addition to its arguments that Bank of America is a real party of interest to this proceeding, Patent Owner further contends that the member

13

**FOR BOARD AND PARTIES ONLY**

banks of TCH, including Bank of America, are privies of TCH and Askeladden because TCH and Askeladden hold themselves out to the public as being agents and representatives of the member banks. *Id.* at 3–4. Patent Owner asserts Askeladden "asserts the interests of the member banks as the motivation for filing this IPR" and TCH "*represents the interests of its owner banks* by promoting and developing policies to support a safe, sound, and competitive banking system." *Id.* at 4. Patent Owner argues that under the law of agency, it is reasonable to impart liability to bind the member banks of TCH, including collateral estoppel, such that the member banks, should be named as a privies. *See id.* at 5–6.

Petitioner argues that Patent Owner does not explain how Petitioner and Bank of America could be "privies." Paper 11, 7. Petitioner contends that in order to establish Bank of America is a privy of Petitioner, Patent Owner would need to establish that Petitioner controlled, or had the opportunity to control, Bank of America's litigation defense and that Patent Owner fails to make such an allegation. *Id.* (citing *Aruze*, slip op. at 14).

As discussed previously, Patent Owner does not persuade us that Bank of America should be named a real party in interest to this proceeding. We are also not persuaded that Bank of America, or the other member banks of TCH are in privy with Petitioner or TCH. We agree with the panel in *Aruze* that the focus of our privity inquiry is whether the petitioner and the prior litigant's relationship is sufficiently close that petitioner had a full and fair opportunity to litigate the validity of the patent in the lawsuit. *See Aruze*, slip op. at 14. Our Trial Practice Guide notes that a common consideration as to whether a non-party is a privy is whether the non-party

14

**FOR BOARD AND PARTIES ONLY**

exercised or could have exercised control over a party's proceedings. 77 Fed. Reg. at 48,759 (citing *Taylor*, 553 U.S. at 895). Patent Owner does not present any argument or evidence that Petitioner or TCH exercised or could have exercised control over Bank of America's litigation proceedings.

We are further not convinced by Patent Owner's arguments that Petitioner or TCH are privies under the law of agency. Patent Owner's arguments are premised on its assertion that Petitioner and TCH are agents of its member banks, including Bank of America, and that the agent actions should bind the member banks. *See* Paper 10, 3–6. However, the relevant inquiry is whether Bank of America's actions undertaken in its litigation should bind Petitioner or TCH. Patent Owner does not present any argument or evidence that Bank of America was acting as an agent for Petitioner or TCH in its litigation with Patent Owner. Accordingly, we are not persuaded that Petitioner or TCH are privies under the law of agency.

Because we are not persuaded that Bank of America is a real party in interest or privy to this proceeding, Patent Owner fails to establish this proceeding is barred under 35 U.S.C. § 315(b). Accordingly, we deny Patent Owner's Motion to Terminate under 35 U.S.C. § 315(b).

III. Public Availability of Decision

This decision refers to Petitioner's confidential information submitted in documents under seal (Papers 16; Exs. 1013, 2039). Therefore, we enter the decision in the Board's electronic docketing system as "Board and Parties Only." Should Petitioner wish this decision to remain sealed, Petitioner must submit a motion to seal, accompanied by a redacted version of this decision, within ten (10) business days of entry of this decision

IPR2017-00726
Patent 8,285,648 B2

**FOR BOARD AND PARTIES ONLY**

III. ORDER

For the foregoing reasons, it is hereby:

ORDERED that Patent Owner's Motion to Terminate under 35 U.S.C. § 315(b) is *denied*; and

FURTHER ORDERED that Petitioner has **10 business days** from entry of this decision to update its Mandatory Notice pursuant to 37 C.F.R. § 42.8(b)(1) to identify all real parties in interest, including The Clearing House Payments Company LLC, without a change in the filing date of the Petition;

FURTHER ORDERED that in the event Petitioner submits its updated Mandatory Notice by the deadline, Patent Owner's Motion to Terminate under 35 § U.S.C. 312(a) is *denied;*

FURTHER ORDERED that in the event Petitioner fails to submit an updated Mandatory Notice by the deadline, a subsequent order will be issued *granting* Patent Owner's Motion to Terminate this proceeding for failure to name all real parties in interest as required by 35 § U.S.C. 312(a); and

FURTHER ORDERED that this decision will be made public in the Board's electronic docketing system unless Petitioner files a motion to seal, accompanied by a redacted version of the decision, within **10 business days** from entry of this decision.

IPR2017-00726
Patent 8,285,648 B2

**FOR BOARD AND PARTIES ONLY**

PETITIONER:

Charles Macedo
Mark Berkowitz
AMSTER, ROTHSTEIN & EBENSTEIN LLP
cmacedo@arelaw.com
mberkowitz@arelaw.com


PATENT OWNER:

Steven Hoffberg
OSTROLENK FABER LLP
shoffberg@tullylegal.com

Jean-Marc Zimmerman
ZIMMERMAN LAW GROUP
jmz@zimllp.com