**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VERIFY SMART CORP., <br><br> *Plaintiff*, <br><br> v. <br><br> BANK OF AMERICA, N.A., BANK OF AMERICA CORP., WELLS FARGO BANK, N.A., and WELLS FARGO & CO., <br><br> *Defendants*. | Civil Action No. 17-4248 (JMV) (JBC) <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter concerns a variety of alleged wrongdoings arising from a challenge to a patent. Through an *inter partes* review, Askeladden LLC challenged Plaintiff Verify Smart Corp.'s patent, U.S. Patent No. 8,285,648 (the "Patent"). In the Second Amended Complaint ("SAC"), Plaintiff sues Bank of America, N.A. and Bank of America Corp. (collectively "BoA") as well as Wells Fargo Bank, N.A. and Wells Fargo & Co. (collectively "WF") (all collectively "Defendants"). Plaintiff's Second Amended Complaint does not name Askeladden; The Clearing House Payments Company LLC ("CHP"); and The Clearing House Association ("CHA"), all of which were named as Defendants in Plaintiff's Complaint and First Amended Complaint. The gist of Plaintiff's claims is an overarching, nefarious scheme by Defendants to challenge patents in retribution for Plaintiff having previously sued the Defendant banks as to the Patent. To this end, Plaintiff argues that both BoA and WF breached settlement agreements with Plaintiff by causing Askeladden to challenge the Patent. Plaintiff alleges breaches of contract; tortious interference; fraud; and a

Racketeer Influenced and Corrupt Organizations ("RICO") conspiracy, 18 U.S.C. § 1962(d). D.E. 87.

Currently pending before this Court are Defendants' motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, D.E. 98, and BoA's motion for sanctions, D.E. 99. The Court reviewed all submissions[1] and considered these motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the following reasons, Defendants' motion to dismiss is **GRANTED** and BoA's motion for sanctions is **DENIED**.

### I. BACKGROUND[2] & PROCEDURAL HISTORY

For purposes of the pending motions, the Court does not retrace this case's full factual and procedural history. The Court instead incorporates by reference the detailed background in its April 15, 2019 Opinion and Order (the "Prior Op."), which dismissed Plaintiff's First Amended Complaint for failure to state a claim. D.E. 84, 85. While certain Defendants are no longer the named in the Second Amended Complaint, the factual allegations for the most part remain the

---

[1] Defendants' joint brief in support of their motion to dismiss is referred to as "Def. MTD Br." D.E. 98-1. BoA's brief in support of their motion for sanctions is referred to as "BoA Br." D.E. 99-1. Plaintiff's opposition to both motions is referred to as "Pl. Opp." D.E. 104. Defendants' reply in support of their motion to dismiss is referred to as "Def. MTD Reply." D.E. 105. BoA's reply in support of their motion for sanctions is referred to as "BoA Reply." D.E. 106. The parties also submitted letters of supplemental authority, primarily regarding Plaintiff's appeal before the Federal Circuit against Askeladden, D.E. 107–09 (collectively "Supp. Auth. Letters").

[2] The facts are taken from Plaintiff's First and Second Amended Complaints. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

same. To the extent the Second Amended Complaint asserts new factual allegations, they are discussed in the analysis section below.

Plaintiff commenced this action against Defendants BoA, Askeladden, CHP, and CHA on June 12, 2017. D.E. 1. On August 25, 2017, Defendants filed a joint motion to dismiss. D.E. 26. Following a consent order, D.E. 50, Plaintiff filed its First Amended Complaint against the same parties and, for the first time, WF. D.E. 54, 58 ("FAC"). Plaintiff's FAC asserted eight counts: (I) breach of contract against BoA; (II) breach of contract against WF; (III) tortious interference with prospective economic benefit against all Defendants; (IV) common law fraud against all Defendants; (V) deceptive business practices against all Defendants; (VI) a substantive Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), claim against all Defendants; (VII) a RICO conspiracy, 18 U.S.C. § 1962(d), claim against all Defendants; and (VIII) Section 1 and Section 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, claims against all Defendants. FAC ¶¶ 160-537. Defendants moved to dismiss the FAC on May 14, 2018. D.E. 68, 70. On April 15, 2019, the Court dismissed Plaintiff's FAC for failure to state a claim. D.E. 84, 85. Among other findings, the Court held that Plaintiff failed to plausibly allege the requisite relationship between both BoA and Askeladden, as well as WF and Askeladden, to impose liability on BoA or WF for Askeladden's actions in challenging Plaintiff's Patent. Prior. Op. at 15. Plaintiff was granted leave to file an amended pleading. D.E. 85.

On June 14, 2019, Plaintiff filed its Second Amended Complaint ("SAC") against only BoA and WF.[3] D.E. 87. Plaintiff's SAC asserts five counts: (I) breach of contract against BoA; (II) breach of contract against WF; (III) tortious interference with prospective economic benefit

---

[3] On June 27, 2019, Askeladden, CHP, and CHA filed a motion to dismiss with prejudice and to award fees and costs, D.E. 90, which the Court denied. D.E. 110.

against BoA and WF; (IV) common law fraud against BoA and WF; and (V) a RICO conspiracy, 18 U.S.C. § 1962(d), claim against BoA and WF. *Id.* On August 12, 2019, BoA and WF filed the pending motion to dismiss, D.E. 98, and BoA filed the pending motion for sanctions, D.E. 99. Defendants now seek to dismiss the SAC in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b), and 8(a). D.E. 98. Plaintiff opposed both motions in one single brief, D.E. 104, to which both Defendants and BoA replied, D.E. 105, 106.

## II. MOTION TO DISMISS

### A. STANDARD OF REVIEW

Rule12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not

compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

Rule 9(b)

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002). Thus, pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016). Accordingly, "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). This heightened pleading standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

**B. ANALYSIS**

Breach of Contract (Counts I & II)

In Count I, Plaintiff alleges that "[b]y virtue of the Verify IPR filing challenging the validity of the '648 Patent by its agent, privy and proxy Askeladden, [BoA] has committed a wrongful act which contravenes and thus breaches the aforementioned contractual agreement between [BoA] and [Plaintiff]." SAC ¶ 54. In Count II, Plaintiff asserts the same as to WF. *Id.* ¶ 67.

To state a claim for breach of contract under New Jersey law,[4] a party must allege (1) the existence of a contract; (2) breach of the contract; (3) damages as a result of the breach; and (4) that the complaining party performed its own duties under the contract. *Pollack v. Quick Quality Restaurants, Inc.*, 452 N.J. Super. 174, 188 (App. Div. 2017) (citing *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016)). Here, Askeladden was not a party to the agreements that Plaintiff alleges were breached. Therefore, the threshold issue is whether BoA and WF can be held liable for the actions of Askeladden. *See* Def. MTD Br. at 12.

Plaintiff once again argues that under the principals of agency – particularly actual authority (both express and implied) – BoA and WF are liable for the actions of Askeladden, their agent. Pl. Opp. at 24–25. "An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *Sears Mortg. Corp. v. Rose*, 134 N.J. 326, 337 (1993) (citing Restatement (Second) of Agency § 1 (1958)). This consent to act on the principal's behalf, or grant of "authority," may be "actual" or

---

[4] New Jersey law applies to Plaintiff's non-federal claims. Plaintiff asserts that the Court has jurisdiction over the state law claims through diversity jurisdiction. *See* SAC ¶ 6. A court sitting in diversity must resolve choice of law questions by applying the choice of law analysis adopted by the forum state. *Pollock v. Barrickman*, 610 F. Supp. 878, 879 (D.N.J. 1985) (citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941)). Therefore, the Court applies New Jersey choice of law rules, which result in the application of New Jersey law. In addition, neither party contests that New Jersey substantive law applies.

6

"apparent." *Id.* Actual authority, whether express or implied, may "'be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account.'" *Jennings v. Reed*, 381 N.J. Super. 217, 231 (App. Div. 2005) (citing Restatement (Second) of Agency § 26).

In rejecting Plaintiff's agency theory based on actual authority in the FAC, the Court ruled as follows:

> First, Plaintiff does not plausibly allege facts demonstrating that BoA or WF (or an agent thereof) expressly or implicitly directed Askeladden to challenge Plaintiff's Patent in the IPR Proceeding. Plaintiff alleges only that CHP "is owned by 25 of the world's largest commercial banks, including [BoA] and [WF]," *Am. Compl.* ¶ 7; that "Askeladden is a wholly-owned subsidiary of [CHP]," *id.* ¶ 15; and that CHP "conceived . . . [Askeladden] as a vehicle that could file IPRs without risk of involving [CHP] or its owner banks as parties to the proceedings," *id.* ¶ 49. These allegations do not plausibly reflect actual authority. Similarly, Plaintiff's conclusory allegations that "[CHP] is an agent of [BoA and WF], and acts on [their] behalf," *id.* ¶¶ 166, 185 and that "Askeladden is an agent and proxy for [CHP], and acts under its direction and control," *id.* ¶¶ 167, 186 are insufficient. *Plaintiff is missing the crucial factual allegation that an appropriate employee or representative from BoA or WF directed Askeladden to challenge Plaintiff's Patent. Of course, Plaintiff would also have to sufficiently allege that any BoA or WF representative had the ability to direct Askeladden to act.*

Prior Op. at 11–12. (emphases added).

In response, Plaintiff added the following allegations in its SAC. As to Count I against BoA, Plaintiff alleges that "[u]pon information and belief, TCH director and [BoA] Global General Counsel, David Leitch, was involved in directing Askeladden to file the Verify IPR."[5] SAC ¶ 44. As to Count II against WF, Plaintiff alleges that "[u]pon information and belief, TCH director and

---

[5] "IPR" stands for *inter partes* review.

[WF] Senior Executive Vice President and General Counsel James M. Strother was involved in directing Askeladden to file the Verify IPR." *Id.* ¶ 59.

Plaintiff still fails to plausibly plead actual authority. As Defendants point out, it is critical that these new allegations were "offered solely on information and belief" and "[a]bsent any factual support." Def. MTD Br. at 13–14. The Third Circuit has explained "that pleading upon information and belief is permissible '[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control' – so long as there are no '*boilerplate and conclusory allegations*' and '*[p]laintiffs … accompany their legal theory with factual allegations that make their theoretically viable claim plausible*.'" *McDermott v. Clondalkin Group, Inc.*, 649 Fed. Appx. 263, 267–68 (3d Cir. 2016) (internal citations omitted).

As to the allegations "upon information and belief" that BoA Global General Counsel David Leitch and WF Senior Executive Vice President and General Counsel James M. Strother were "involved in directing Askeladden to file the Verify IPR," Plaintiff failed to include necessary factual allegations that would make these claims plausible. For example, Plaintiff failed to allege that Leitch's position as Global General Counsel for BoA includes any duties related to directing Askeladden to file IPRs (and the same applies to Strother and his role). Plaintiff also failed to allege *why*, perhaps based on timing or past, similar instances, the claims upon information and belief would be plausible. Instead, Plaintiff vaguely alleged that Leitch and Strother were "involved" in directing Askeladden. The word "involved" is also insufficient. It can mean anything from being copied on an email to active participation and direction. As the Court stated in its April 15 Opinion and Order, in addition to pleading that "an appropriate employee or representative from BoA or WF directed Askeladden to challenge Plaintiff's Patent," Plaintiff needed to also "sufficiently allege that any BoA or WF representative had the ability to direct

8

Askeladden to act." Prior Op. at 11–12.  Plaintiff failed to allege that Leitch and Strother either "had the ability to direct Askeladden to act" or exercised that ability.[6]

Accordingly, the Court finds that Plaintiff has failed to plausibly allege the requisite relationship between BoA and Askeladden, and WF and Askeladden, to impose liability on BoA or WF for Askeladden's actions in challenging Plaintiff's Patent.  As a result, Plaintiff has not plausibly pled any breach of the settlement agreements, and the breach of contract claims against BoA (Count I) and WF (Count II) are dismissed.

Tortious Interference (Count III)

In Count III, Plaintiff alleges tortious interference with prospective economic benefit against BoA and WF.  SAC ¶¶ 69–89.  Under New Jersey law, such a claim consists of the following:

> (1) a plaintiff's reasonable expectation of economic benefit or advantage, (2) the defendant's knowledge of that expectancy, (3) the defendant's wrongful, intentional interference with that expectancy, (4) in the absence of interference, the reasonable probability that the plaintiff would have received the anticipated economic benefit, and (5) damages resulting from the defendant's interference.

*Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 186 (3d Cir. 1992) (quoting *Printing Mart–Morristown v. Sharp Elec. Corp.*, 116 N.J. 739 (N.J. 1989) and Restatement (2d) of Torts § 766B).  Plaintiff's tortious interference claim is premised on BoA and WF's agency relationship with Askeladden, Pl. Opp. at 27–28, however the Court already found this relationship to be implausibly pled.  Therefore, the Court dismisses Plaintiff's tortious interference claim (Count III).

---

[6] Plaintiff relies once again on *Applications In Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336 (Fed. Cir. 2018) and *Worlds Inc. v. Bungie, Inc.*, 903 F.3d 1237 (Fed. Cir. 2018) to argue that BoA and WF are each "real parties in interest" and thus Askeladden is an agent of both BoA and WF.  Pl. Opp. at 19–22.  Plaintiff relied on these cases in opposition to Defendants' prior motions to dismiss Plaintiff's FAC, *see* D.E. 75, 79, but the Court did not find the decisions applicable to question of agency.  The Court again reaches the same conclusion.

9

Fraud (Count IV)

In Count IV, Plaintiff alleges that Askeladden, in filing the Verify IPR on behalf of BoA and WF, committed fraud by only identifying itself as the "real party in interest" ("RPI") and intentionally omitting BoA, WF, and TCH as RPIs, violating 35 U.S.C. § 312(a)(2). SAC ¶¶ 90–99. In New Jersey, a fraudulent misrepresentation claim requires: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Hoffman v. Liquid Health Inc.*, No. 14-01838, 2014 WL 2999280, at *10 (D.N.J. July 2, 2014) (quoting *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005)).

Plaintiff's claim for common law fraud in the SAC is made against BoA and WF, not Askeladden. As a result, Defendants argue that Plaintiff fails to allege the threshold element that BoA or WF made a material misrepresentation or statement. Def. MTD Br. at 22. The Court agrees. Given the Court's finding that the agency relationship between Askeladden and BoA and WF is implausibly pled, Askeladden's statement[7] cannot be imputed to BoA or WF. Therefore, the Court dismisses Plaintiff's fraud claim (Count IV).

RICO Conspiracy (Count V)

Finally, Plaintiff brings a RICO conspiracy claim against BoA and WF under 18 U.S.C. 1962(d) (conspiracy to violate 1962(c)). SAC ¶¶ 100–32. Plaintiff claims that BoA and WF conspired "to commit various wire fraud schemes involving settlement fraud, false promises to settle infringement cases. In each cases the Banks omitted to tell the settling party that Askeladden would file a Petition for [IPR] to challenge the settling party's patent in the PTAB after the

---

[7] The Court does not address whether the statement made by Askeladden was actually a material misrepresentation.

10

settlement."[8]  *Id.* ¶ 101.  "The civil RICO statute allows '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter [to] sue therefor in any appropriate United States district court.'"  *Anderson v. Ayling*, 396 F.3d 265, 268-69 (3d Cir. 2005) (quoting 18 U.S.C. § 1964(c)).  "The elements predominant in a [Section 1962] subsection (c) violation are: (1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity."  *Salinas v. United States*, 522 U.S. 52, 62 (1997).

As for BoA and WF's alleged (separate) schemes against Plaintiff, Plaintiff states that both BoA's counsel (in New York) and WF's counsel (in North Carolina) sent by email execution copies of settlement agreements between BoA and Plaintiff and WF and Plaintiff, respectively, to Plaintiff's counsel in New Jersey.  SAC ¶¶ 108, 113.  BoA's settlement agreement included an agreement by BoA "not to challenge or knowingly assist or cause any third party to challenge" the Patent and "release[d] and forever resolve[d]" any claims BoA had against Plaintiff "involving" the Patent.  *Id.* ¶ 108.  WF's settlement agreement included an agreement by WF that it "releases and forever discharges [Plaintiff] … from any and all actions" relating to the Patent.  *Id.* ¶ 113. Plaintiff indicates that these statements made by BoA and WF were false because both BoA and WF "intended to subsequently challenge the Patent through litigation initiated by Askeladden as in fact occurred with the filing of the Verify IPR."  *Id.* ¶¶ 108, 114.  Plaintiff claims that, as a result, the settlements were "induced by fraud perpetrated through interstate wires," violating the federal wire fraud statute 18 U.S.C. § 1343 – a form of RICO racketeering activity under 18 U.S.C. § 1961(1)(B).  *Id.* ¶¶ 109, 115.  Plaintiff also alleges related schemes against other patent owners. *Id.* ¶¶ 116–30.

---

[8] "PTAB" is the Patent Trial and Appeal Board, an administrative law body of the United States Patent and Trademark Office, which hears *inter partes* reviews.

Defendants claim that Plaintiff's allegations are not plausible and do not establish wire fraud as a matter of law. Def. MTD Br. at 28. Defendants state that "because [Plaintiff] fails to adequately allege that either [BoA] or [WF] actually challenged the '648 Patent … [Plaintiff] also fails to allege that any act by either Defendant was fraudulent." *Id.* (citing *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) ("A scheme or artifice to defraud … must involve some sort of fraudulent representation or omission reasonably calculated to deceive persons of ordinary prudence and comprehension.")). Given the Court's finding that the agency relationship between Askeladden and either BoA or WF is implausibly pled, Askeladden's action of challenging the Patent cannot be imputed to BoA or WF.

Defendants also argue that Plaintiff fails to plead these allegations of wire fraud with specificity under Federal Rule of Civil Procedure 9(b). *Id.* at 28. Defendants emphasize that Plaintiff "pleads *no facts* creating an inference that [BoA] or [WF] intended to challenge the '648 Patent through the later-filed IPR proceeding at the time they entered into their respective settlement agreements with [Plaintiff] – let alone facts sufficient to show *who* at either bank held that belief." *Id.* at 29. The Court agrees that Plaintiff failed to comply with Rule 9(b)'s particularity requirement. While intent can be plead generally under Rule 9(b), Plaintiff nevertheless must state with particularity the circumstances constituting fraud. Here, Plaintiff provides no factual allegations to support its contention that, at the time each bank's counsel sent Plaintiff's counsel the executed copies of the settlement agreements, either Defendant had already decided to challenge the Patent.

When a plaintiff fails to establish a substantive RICO claim, the plaintiff's RICO conspiracy must also fail. *See Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir. 1993) ("Any claim under section 1962(d) based on conspiracy to violate the other subsections of

12

section 1962 necessarily must fail if the substantive claims are themselves deficient."). For the above reasons, the Court finds that Plaintiff has not plausibly pled either a substantive RICO claim or a RICO conspiracy claim. As a result, the Court dismisses Plaintiff's RICO conspiracy claim (Count V).

Collateral Estoppel

Defendant also argues that each of Plaintiff's claims is "barred by the collateral estoppel doctrine because [Plaintiff] has already litigated and lost before the PTAB the issue of whether [BoA] and [WF] were real parties in interest in the IPR proceeding." Def. MTD Br. at 33. However, given the fact that each claim has been dismissed for failure to state a claim, the Court does not reach Defendant's collateral estoppel argument.

### III. MOTION FOR SANCTIONS

#### A. LEGAL STANDARD

Federal Rule of Civil Procedure 11 imposes on any party who presents "a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991).[9]

---

[9] Rule 11(b) provides as follows:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose . . .;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

"[R]easonableness [under the circumstances is] defined as an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir. 1991) (citations and internal quotations omitted). Attorneys are required to conduct a "normally competent level of legal research to support the[ir] presentation." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).

If Rule 11(b) is violated, then Rule 11(c)(4) permits the Court to impose sanctions, including reasonable attorneys' fees, expenses, or nonmonetary directives. However, any sanction "must be limited to what suffices to deter repetition of the [sanctionable] conduct[.]" Fed. R. Civ. P. 11(c)(4). "Generally, sanctions are prescribed only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ford Motor Co.,* 930 F.2d at 289 (internal citations and quotations omitted). Additionally, "the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 146 n.28 (3d Cir. 2009) (citation omitted). In deciding a Rule 11 motion, "[a]ny doubt . . . should be resolved in favor of the party charged with the violation." *Sanders v. Hale Fire Pump Co.*, No. 87-2468, 1988 WL 58966, at *1 (E.D. Pa. June 1, 1988) (citing *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 544 (3d Cir. 1985)).

### B. ANALYSIS

BoA moves for sanctions under Rule 11(b) against Plaintiff and its counsel of record, claiming that Plaintiff's allegations, "which now span three complaints," are "frivolous and devoid of factual support." BoA Br. at 1. BoA claims Plaintiff lacked any factual or legal support for its

---

(3) the factual contentions have evidentiary support[.]

Fed. R. Civ. P. 11(b)(1)-(3).

theories of agency and piercing the corporate veil. *Id.* at 13, 17. BoA also argues that Plaintiff's counsel has "a history of flouting the federal rules." *Id.* at 19. Plaintiff opposes the motion, claiming the SAC was "not being presented for any improper purpose" and was filed "in good faith based on facts and evidence it attained in the course of an inquiry that was, and is, reasonable under the circumstances of this case." Pl. Opp. at 30.

The Court does not impose Rule 11 sanctions. Although the Court had concerns that any attempted amendment to the FAC regarding agency might be futile, it nevertheless granted Plaintiff the opportunity to do. *See* Prior Op. at 11–12. In response, Plaintiff amended the FAC to include additional allegations pertaining to its agency theory. *See* SAC ¶¶ 44, 59. While the Court concludes that the SAC still came up short, the Court does not find the filing of Plaintiff's SAC to be patently unmeritorious or frivolous. Frankly, the Court agrees that the alleged circumstances are suspicious, assuming the veracity of Plaintiff's other allegations. BoA and WF agreed not to challenge the Patent. CHP is owned by 25 large commercial banks, including BoA and WF. Askeladden is a wholly owned subsidiary of CHP, and CHP created Askeladden as an entity that could file IPRs without risk of involving CHP or its owner banks as parties to the proceedings. Again, if the allegations are true, and BoA or WF had any role in filing the *inter partes* review of the Patent, then both Defendants would apparently be in breach of their settlement agreements. Therefore, the Court denies BoA's motion for sanctions.

Although such circumstances may be suspicious, Plaintiff is still obligated to meet its pleading requirements and counsel is obligated to follow the dictates of Rule 11. As a result, the Court will permit Plaintiff one additional opportunity to file an amended pleading without prejudice to Defendants making another motion for sanctions if Defendants believe it appropriate.

15

## IV. CONCLUSION

In sum, the Court grants Defendants' motion to dismiss (D.E. 98) without prejudice and denies BoA's motion for sanctions (D.E. 99). Plaintiff has thirty days to file a third amended complaint, if it so chooses, consistent with this Opinion. If Plaintiff does not do so, this matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Date: June 29, 2020

*John Michael Vazquez, U.S.D.J.*